UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DANA-SORANA ALEXE, | : | Civil Action No. 07-453 (FLW) |
| Plaintiff, | : | |
| v. | : | M E M O R A N D U M |
| | : | O P I N I O N |
| LUCENT TECHNOLOGIES, INC., | : | |
| Defendant. | : | |

**HUGHES, U.S.M.J.**

This matter is before the Court upon the Motion of Defendant Lucent Technologies, Inc. ("Defendant") to Dismiss the Complaint pursuant to Fed. R. Civ. P. 37 [Dkt. entry no. 13], returnable October 15, 2007. Plaintiff filed opposition to the motion to dismiss on October 11, 2007.

Defendant asks that this case be dismissed because at this point in the litigation, *pro se* Plaintiff has failed to attend her own deposition on three different occasions. The Court reviewed the written submissions of the parties and considered the matter pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's case is administratively terminated.

**I.     BACKGROUND**

On around October 19, 2006, *pro se* plaintiff Dana-Sorana Alexe filed this lawsuit. (Certification of Peter F. Berk, ¶ 3).  On or about May 31, 2007, Defendant issued a deposition notice for Plaintiff to appear for a deposition on July 14, 2007 at the Courthouse.  *Id.* at ¶ 4.  On July 13, Plaintiff advised the Defendant that she would not be able to appear for her deposition or two weeks thereafter because of a medical condition.  *Id.* at ¶ 6.  The parties agreed to adjourn Plaintiff's deposition until August 8, 2007, and discovery was extended until August 14, 2007 by this Court's Order.  *See Id.* at ¶ 7.

On the morning of August 7, 2007, counsel for Defendant called Plaintiff and left a message seeking to confirm her deposition on August 8.  On the same day, without providing any explanation, Plaintiff stated that she would be unable to attend her deposition.  *Id.* at ¶ 8.  In response, this Court Ordered Plaintiff's deposition for September 12, 2007 via the August 24, 2007 Amended Scheduling Order."  *Id.* at ¶ 9.

On September 11, 2007, counsel for Defendant called Plaintiff to confirm the next day's deposition, but Plaintiff never returned Defendant's telephone call.  On September 12, the morning of the scheduled deposition, Plaintiff called and notified Defendant's counsel's office that she was unable to attend her deposition.  *Id.* at ¶ 11.  At the time Plaintiff called, however, defense counsel was already en route to the deposition location.  *Id.*  The cost of this missed deposition was $125.00, in addition to Defendant's counsel's lost time.  *Id.* at ¶ 12.

The Court scheduled a conference call to take place on October 15, 2007 in light of Plaintiff's letter to the Court received on October 11, 2007, which requested that her deposition be taken in writing because of the side effects of her chemotherapy.  On Sunday, October 14, at

2

11:02PM, Plaintiff faxed the Court indicating that she would not only be unavailable for the October 15th conference call, but also unavailable at any other time the week of October 15th, explaining that she "suddenly remembered that [she] forgot to go for [her] monthly blood tests for some time." On October 15th, Plaintiff indeed failed to participate in the conference call.

## II.   DISCUSSION

In its motion for dismissal, Defendant argued that Fed R. Civ. P 37 provides an array of remedies when a party disobeys a court order. (Def.'s Ltr. Br. at 2.) Specifically, Defendant argues that "[p]laintiff has been given multiple opportunities to appear for her deposition and has failed to do so." *Id.* at 3. Defendant notes that "[w]hile a *pro se* Plaintiff is usually afforded some latitude in the conduct of litigation, Plaintiff's failure to appear for her Court ordered deposition cannot be permitted." *Id.*

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party. . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule of Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may issue further just orders. *See, e.g.*, *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 919 (3d Cir. 1992). These orders may include the following: (i) directing the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking the pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey

any order. . ." *See* Fed. R. Civ. P 37(b)(2)(A)(i)-(vii).  In addition, pursuant to Fed. R. Civ. P. 37(d)(3), the Court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expense unjust."

Specifically, "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for comparable cases." *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

In *Poulis*, the Court set forth a six-part balancing test that the District Court should apply on determining whether dismissal is appropriate.  The six factors include (1) the extent of the party's personal responsibility, (2) the prejudice to the adversary cause by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or of the attorney was willful or in bad faith; (5) the effectiveness of the sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  *Poulis*, 747 F.2d at 868.  Of course, not all of the *Poulis* factors need to be satisfied in order to dismiss a petition. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) *and In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation*, 381 F. Supp. 2d 421, 425 (E.D. Pa. 2005).  Each factor will be discussed in turn.

    A)    <u>The Extent of the Party's Personal Responsibility</u>

Plaintiff is personally responsible for the delay in litigation.  Plaintiff in this case is representing herself *pro se*; thus, she is in direct control of all decisions and has no one to blame for failure to comply with Court Order but herself.  The Supreme Court looked to whether there

was "flagrant bad faith" on the part of plaintiffs as well as "callous disregard" by their counsel. *Nat'l Hockey League*, 427 U.S. at 643; *Poulis*, 747 F.2d at 868. Here, Plaintiff called Defendant and informed him that she would not be able to make the first scheduled deposition due to a medical condition; however, she subsequently canceled two depositions without giving Defendant proper notice and in violation of this Court's August 24, 2007 Amended Scheduling Order. She also has violated a Court Order as well as failed to participate in a Court scheduled conference call.

### B) Prejudice to the Adversary

Defendant suffered prejudice in this case. Because Plaintiff did not show up for her third scheduled deposition, Defendant was forced to pay $125.00 to the Court Reporter. (Berk Cert. at ¶ 12.) Moreover, defense counsel was inconvenienced and lost time in his day. Moreover, Defendant had to pay the cost of filing this present motion. In sum, the Defendant encountered lack of cooperation from Plaintiff in areas where the Plaintiff should cooperate under the spirit of the federal procedural rules. *See Poulis*, 747 F.2d at 868.

### C) A History of Dilatoriness

There has been a history of dilatoriness here. In *Poulis*, there was a pattern of dilatoriness caused by the consistent delay of plaintiff's counsel. *Id.* Here, Plaintiff, acting *pro se*, is allowed leeway in procedural matters, but rescheduling her deposition on three different occasions, twice providing insufficient notice to her adversary, and once blatantly disregarding this Court's Order is dilatory. Indeed, ignoring the Court's time limits is intolerable. Most recently, Plaintiff disregarded a conference call scheduled by the Court on October 15, 2007.

D) <u>Whether the Conduct was Willful or in Bad Faith</u>

The Court finds that the Plaintiff's acts were willful. A party's "failure to comply with the court's orders and in dragging the case out [must be] willful and not merely the result of negligence of inadvertence." *Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Here, the Court finds that failing to obey a court order and waiting to cancel the September 12, 2007 deposition until the morning of said deposition is willful.

E) <u>Alternative Sanctions</u>

Although other sanctions as provided by Rule 37 would also be appropriate, under the *Poulis* standard, Plaintiff's case should ordinarily be dismissed. As previously noted, dismissal is a drastic remedy reserved for the most egregious of cases. A party who fails to obey a court Order and on multiple occasions fails to attend her own deposition without giving any reasons whatsoever or applying to the Court for relief is egregious and warrants dismissal. However, in light of Plaintiff's health conditions, dismissal with prejudice would be too drastic a remedy under the particular circumstances presented here. It is more appropriate for the Court to administratively terminate the case without prejudice to re-open when Plaintiff is physically prepared to handle the rigors of litigation.

F) <u>Meritoriousness of the Claim</u>

This Court cannot determine whether Plaintiff has a meritorious claim. "A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Id.* at 870 (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

In sum, Plaintiff has been given three different opportunities to have her deposition taken.

She has violated a court Order and caused prejudice to her adversary. As of October 15th, Plaintiff has also failed to participate in a conference call that was scheduled by the Court. The Defendant has a right to take Plaintiff's deposition pursuant to Federal Rule of Civil Procedure 30. It is apparent that Plaintiff has serious health issues and is unable to participate in litigation at this time. The Court feels that dismissal of the case with prejudice would be too drastic a sanction in light of Plaintiff's severe health condition. Accordingly, the Court will administratively terminate this case without prejudice to Plaintiff. Plaintiff may seek to re-open the case when she is medically able to prosecute her claims. At such time, Plaintiff should provide a medical doctor's note that she is able to pursue litigation.

### III. CONCLUSION

Litigation is an emotionally, physically, and mentally vexing and laborious process. As Ambrose Bierce stated, litigation is a "machine which you go into as a pig and come out as a sausage." In view of the foregoing, it is not only in the best interest of justice, but also in the best interest for Plaintiff, that Plaintiff's case is administratively terminated with leave to re-open when Plaintiff is medically able to pursue litigation. An appropriate Order accompanies this Memorandum Opinion.

**Dated: October 16, 2007**